No. 12,865.

BUCKMAN ET AL. *v.* H. A. MARR GROCERY COMPANY.

(300 Pac. 894)

Decided June 1, 1931. Rehearing denied June 22, 1931.

Mr. W. B. KING, for plaintiffs in error.

Mr. NATHAN H. CREAMER, Mr. FREDERICK P. CRANSTON, for defendant in error.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

THE H. A. Marr Grocery Company, a corporation, defendant in error, hereinafter referred to as plaintiff,

brought an action against Chas. J. Buckman, Wm. G. Duval and C. E. Davison, plaintiffs in error, hereinafter referred to as defendants, who were officers and directors of a corporation, to recover judgment for goods sold and delivered to the corporation, and for which plaintiff contends there was a personal liability under the statute. At the conclusion of the evidence, the court, upon motion of the plaintiff, directed the jury to return a verdict in favor of the plaintiff, and rendered judgment thereon, to review which defendants prosecute this writ.

The Berrimoor Corporation, a Colorado corporation, of which the defendants were officers and directors, was engaged in the hotel business, and became indebted to plaintiff for goods sold and delivered to it between September 17, 1929, and June 13, 1930; on the evening of March 1, 1930, one of the defendants tendered the annual report of the Berrimoor Corporation for 1929, together with a check for corporation taxes and filing fees, to the secretary of state; on March 6, 1930, the secretary of state notified one of the defendants that the check presented with the annual report was insufficient, and that the sum of $23 would be required before the report could be accepted and filed; on March 27, 1930, the secretary of state again wrote the defendants to the same effect, and concluded this letter with the following: "Will you please advise if check will be forwarded to this office or if report and check in the amount of $5.00 should be returned to you."

On May 4, 1930, the following letter was written to the defendants by the secretary of state:

"We enclose herewith check No. 738 in the amount of $5.00 which amount we have been holding since March 1st, for your further remittance of $18.00 to cover the 1929 and 1930 corporation license tax and penalty and we have not received your check. We are also returning your report.

"The 1930 tax became delinquent after May 1, 1930,

and there is now imposed a penalty of ten per cent or $1.00 for delinquency.

"The penalty on the 1929 tax has increased to $3.00."

No answer in writing was ever received by the secretary of state to any of the letters written with reference to the report and fees, but on June 16, 1930, one of the defendants presented himself at the office of the secretary of state, paid the balance as indicated in the letter of March 6, 1930, and penalties, and the annual report was then filed.

 Section 2312, C. L. 1921, provides for the filing of annual reports by corporations, and fixes the time within which this must be done, if officers and directors are to avoid a personal liability for certain indebtedness of the corporation, and under the provisions of section 7280, no corporation in default of its annual license tax shall be permitted to file its report with the secretary of state. The secretary of state was then within his powers and authority in refusing to file the annual report unless, and until, the proper fees therefor were tendered. The conditions under which a personal liability for corporate debts attaches to officers and directors of a corporation which fails to file its annual report are unqualified and definite; they existed here, and no legal, valid defense was interposed by defendants. The records in the office of the secretary of state import verity and truth, and one seeking to learn whether or not an annual report has been filed may safely rely upon them.

The annual report of the Berrimoor Corporation was not filed within sixty days after January 1, 1930, nor until June 16, 1930, and under the provisions of section 2312, C. L. 1921, the officers and directors became personally liable for certain corporate debts. The court did not err in directing its verdict.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE CAMPBELL and MR. JUSTICE HILLIARD concur.